**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:14CV-00085-HBB**

**DIANA BELCHER**             **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

#### BACKGROUND

Before the Court is the complaint (DN 1) of Diana Belcher ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff is proceeding *pro se*. Both the Plaintiff (DN 15) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). By Order entered November 25, 2014 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. Plaintiff has made a request for oral argument (DN 14). However, Plaintiff has not demonstrated this case presents one of the following: (1) a legal question of first impression in this circuit; (2) a legal question on which the

circuits are divided in their treatment; or (3) novel procedural or factual issues not apparent on the face of the record (DN 13, 14). Therefore, Plaintiff has failed to set forth good cause as to why oral arguments are necessary given the facts and issues of the case.

## FINDINGS OF FACT

Plaintiff protectively filed, *pro se*, an application for Supplemental Security Income Benefits on March 17, 2011 (Tr. 36, 179-185, 233). Plaintiff alleged that she became disabled on January 5, 2011, as a result of a bilateral leg condition, chronic obstructive pulmonary disease (COPD), asthma, a heart condition, and anxiety (Tr. 36, 233, 237). On February 25, 2013, Administrative Law Judge Kathleen M. Thomas ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 36, 56-58). Plaintiff appeared *pro se* in Owensboro, Kentucky (Tr. 36, 56-58). Leslie F. Lloyd, Ph.D., an impartial vocational expert, appeared at the hearing but did not testify (Tr. 36, 56-58).

In a decision dated April 29, 2013, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr.36-51). At the first step, the ALJ found Plaintiff has engaged in substantial gainful activity since April 10, 2012 and continuing through the date of the decision (Tr. 45). However, the ALJ also found there had been a continuous twelve month period during which Plaintiff did not engage in substantial gainful activity beginning January 5, 2011 and running through April 9, 2012 (Tr. 46).

At the second step, the ALJ determined that Plaintiff's right knee disorder with chronic neuropathic bilateral lower extremity pain is a "severe" impairment within the meaning of the regulations (Tr. 46). The ALJ found that Plaintiff's respiratory disorder (asthma/COPD) did not cause any significant limitations in her ability to perform basic work activities (Tr. 48-49).

Further, the ALJ determined the evidence was not sufficient to establish Plaintiff's alleged heart condition is a medically determinable impairment (Tr. 49). The ALJ concluded that Plaintiff's anxiety did not cause any significant limitations in her ability to perform basic work activities (Tr. 49). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 46).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a full range of sedentary work (Tr. 46). Additionally, the ALJ found that Plaintiff is unable to perform any of her past relevant work because of her residual functional capacity (Tr. 50).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as Grid Rule 201.25 (Tr. 50-51). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 50). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 17, 2011 through April 29, 2013, the date of the decision (Tr. 51).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 28-32). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 23-25).

## CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term

"disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g);

Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 23-25). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, Plaintiff's objections should focus on the ALJ's eleven findings that are located at pages 45 to 51. Unfortunately, Plaintiff is challenging material on pages, 2, 3, 6, 7, 80, 82, 84, and 98 (DN 15, Fact and Law Summary and Memorandum). Thus, Plaintiff is not objecting to a single finding in the final decision of the Commissioner. Instead, Plaintiff is challenging matters outside of the final decision of the Commissioner which the Court lacks the jurisdiction to address. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210. In sum, Plaintiff's fact and law summary has not identified a single reason why the Court should reverse the final decision of the Commissioner.

Notably, at the outset of the administrative hearing, the ALJ advised Plaintiff of her right to representation and Plaintiff knowingly waived that right (Tr. 60). The ALJ carefully explained

the applicable legal standards, explained the definition of disability, admitted all documents from the SSI file as exhibits to the hearing, and asked the plaintiff if she had any additional papers she might like to present at the hearing (Tr. 60-75). Further, the ALJ asked a substantial number of questions to the plaintiff about her medical conditions, treatment received, why she is no longer able to work, and how her medical conditions affect her daily activities (Tr. 60-75). The ALJ thoroughly reviewed the evidence presented in the case and adequately discussed in her decision her analysis of Plaintiff's claims, the medical exhibits, and Plaintiff's testimony (Tr. 36-51). Duncan v. Sec'y of Health and Human Servs., 801 F.2d 847, 856 (6th Cir. 1986). The undersigned concludes that the ALJ recognized her heightened duty to develop the record and accorded Plaintiff a full and fair hearing. Id. Additionally, the ALJ's findings at steps one through five are supported by substantial evidence in the record and comport with applicable law.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

This is a final and appealable Order and there is no just cause for delay.

Copies:   Diane Belcher, *pro se*
          Counsel